UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  Case No. 18-cr-00149-2 |
| v. | ) )  Judge Sharon Johnson Coleman |
| MICHELLE JAMISON | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Michelle Jamison files her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) alleging that the need for a primary caregiver for her children due to the alleged incapacitation of her mother, their current caregiver, constitutes an extraordinary and compelling reason to reduce her sentence. The government opposes this motion. Because Jamison's motion does not support the conclusion that her mother is incapacitated, and because reducing Jamison's sentence would be inconsistent with the sentencing factors referenced in 18 U.S.C. § 3553(a), the Court denies her request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) without prejudice.

**Background**

On May 23, 2023, Jamison pled guilty to using a cell phone to facilitate a conspiracy to posses with intent to distribute 100 grams or more of a mixture containing furanyl fentanyl. (Dkt. 472.) Prior to sentencing, the Probation Office prepared a Presentence Investigation Report that proposed an adjusted guideline range of 48 months imprisonment. (Dkt. 501.) On September 11, 2023, after considering the parties' arguments and relevant § 3553(a) factors, the Court sentenced Jamison to 12 months and one day imprisonment followed by one year of supervised release. (*Id.*) Jamison surrendered to the Bureau of Prisons on December 12, 2023. She is currently incarcerated at the

Federal Correctional Institution Pekin (FCI Pekin) and is projected to be released before the end of this year. The government does not contest that Jamison has exhausted her administrative remedies.

**Discussion**

To be granted compassionate release, a defendant must show that "extraordinary and compelling" reasons warrant such reduction and that the reduction is consistent with the sentencing factors referenced in 18 U.S.C. § 3553(a). *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

In her motion, Jamison explains that since she has been incarcerated, her mother and father have been the primary caregivers of her children. Jamison further explains that on October 23, 2023, her father suffered a stroke, requiring her mother to provide additional care for him. (Dkt. 504.) Because she must provide this additional care, her mother is "unable to care for the children in the capacity as she was previously providing care for them." (*Id.*) This additional care burden, coupled with her "battles [with] health conditions of her own including diabetes," has rendered her mother "incapacitated" within the definition of U.S.S.G § 1B1.13(b)(3)(A).

Section 1B1.13(b)(3)(A) provides that the "death or incapacitation of the caregiver of the defendant's minor child . . . because of a mental or physical disability or a medical condition" constitutes an extraordinary and compelling reason to reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). But while it is clear that Jamison's father is incapacitated due to his stroke, Jamison's motion does not support the conclusion that her mother is similarly incapacitated such that she cannot provide care for Jamison's children at all. Instead, Jamison appears to argue that her mother is "functionally incapacitated" due to the need to care for her father, the unspecified effects of diabetes on her "activity level," and the fact that she recently turned 70 years old. While the Court recognizes that these are "unfortunate and sad family circumstances," Dkt. 504, they do not present an extraordinary and compelling reason to reduce Jamison's sentence.

Nor would releasing Jamison from her sentence early be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). In determining her sentencing, the Court was clear that the domestic abuse experienced by Jamison at the hand of her co-defendant and her lack of criminal background were strong mitigating factors. But these mitigating factors did not, and still do not, outweigh the very serious nature of her offense. Jamison plead guilty to facilitating the trafficking of large amounts of fentanyl and MDMA. As it was at sentencing, the Court continues to be concerned about the harm caused by drugs such as these as they run rampant in communities. While Jamison was not the principal of the drug trafficking operation, her actions directly contributed to this harm. Because the Court already reduced her sentence below the recommended guideline range in light of the § 3553(a) sentencing factors., and conscious of the need to deter Jamison, as well as others, from engaging in such harmful activity, the Court finds that granting Jamison's request for compassionate release would not be consistent with § 3553(a).

**Conclusion**

Because Defendant Michelle Jamison's motion does not demonstrate extraordinary and compelling circumstances warranting a sentence reduction, and because reducing Defendant's sentence would be inconsistent with the sentencing factors referenced in 18 U.S.C. § 3553(a), the Court denies Defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) without prejudice [499].

**IT IS SO ORDERED.**

Date: 10/23/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge